## OWOSSO FURNITURE COMPANY, Employer v. Dean TOWNSEND, Employee

5-5734 471 S.W. 2d 752

Opinion delivered October 25, 1971

Fred E. Briner and Wright, Lindsey & Jennings, for appellant.

Hall, Tucker & Lovell, for appellee.

Conley Byrd, Justice. The sole issue here is whether appellee Dean Townsend suffered an accidental injury arising out of and in the course of his employment on July 8, 1968. The Workmen's Compensation Commission found that he did not. The circuit court on appeal found that such injury did occur, aggravating a pre-existing condition. The employer Owosso Furniture Company appeals and for reversal alleges that the Commission's finding is supported by substantial evidence.

The oft stated rule applicable to appeals both in this court and the circuit court is that the findings of the Commission, like those of a jury, will be upheld if there is any substantial evidence to support its action.

The parties stipulated that claimant received a compensable injury January 2, 1965, for which he received compensation with the last payment being April 27, 1965. He received a second compensable injury on November 26, 1965, for which the last payment was received on

March 24, 1966. The present claim was filed with the Commission on April 29, 1969, for an injury allegedly occurring July 8, 1968.

Claimant admitted that he was off work some between his November 1965 injury and July 8, 1968. He testified that on the latter date he caught his heel on some masonite and almost fell to the floor. At that time there was a small pain in his lower back but that he finished the day. The next day he called his foreman and told him of the accident. His foreman told him to report it to the office when he came back to work. Upon his return after four weeks he talked to Louise Houpt in the office. On cross-examination he stated:

> "Actually I didn't even think that I was hurt until I got home that night and I sat down and started resting in the living room there, and it got to hurting pretty bad and I got up and tried to walk around, and it was already hurting pretty bad on my leg, it was making my left leg draw then, and I guess it was, Oh, 9, or 10 o'clock, it was sometime after dark that night. . . it was hurting so bad that it just made me throw up, and I wasn't sick at all, didn't feel sick, and it has done that often since. And that's the first time it ever done that. Just some pain would make me throw up."

On 11-13-68 claimant sent to the employer's insurance carrier the following letter:

> "To whom it may concern:

> "On August 26th, 1968 I had a claim filed at the Owosso Furniture Company, Benton, Arkansas, concerning a back injury I received while on the job. I have not heard one word about this claim. The time lost up to this date, was 267.6 days. I would like to hear something about this claim very soon."

As a result of the foregoing letter, claimant went to the insurance carrier's office and talked to a Mr. Derrick, who used a recording machine. He could not remember if he told Mr. Derrick about the July 8, 1968, accident.

After he returned home and talked to his wife, he wrote the following letter:

"Dear Mr. Derrick,

"After our interview yesterday, (Dec. 10, 1968), on my way home, I got to thinking about all those different dates you show on your records. After I got home I talked with my wife about it. I had completely forgotten about this, but sometime in the early part of 1964 I did receive a pulled muscle in my back. I did report it to my foreman and to the office at the Owosso. This must be the date that is mentioned on the record. It was so slight that I had forgotten about it. When they reported my back injury in 1965 they must have reported it as an old injury. The injury that I received 1-1-65 is the one that I tore the muscle loose in my back and it is the one that I am suffering from now. About the Nov. date, I had a lot of trouble about that time. I must have reported it although I don't remember it. This must be the time I received Workmen's Compensation.

"I hope that this letter will help you to clear things up. I also hope you understand that when something happens, after a few years a person can forget the details.

Yours Truly,

Dean Townsend
Rt. 3, Box 857
Benton, Ark. 72015

"P. S.

"Except for this additional information the interview on your recorder is correct."

Claimant employed his present counsel in January 1969. On January 7, 1969, Dr. John Christian examined claimant and forwarded a report to claimant's counsel. In this report Dr. Christian concluded: ". . . From his history of continuous recurrent trouble of the same na-

ture since his injury at work on January 1, 1965, and with no intervening history of reinjury, I must conclude that the injury in 1965 is the precipitating factor. . . ." On April 30, 1969, the day after the filing of the claim here involved, Dr. Christian wrote claimant's counsel as follows:

"Dear Mr. Hall:

"Mr. Townsend called me long distance today requesting that I write you concerning additional history that he wished to give me.

"He states that he didn't understand when he was asked about the possibility of reinjury of his back at work and thought that the doctor was asking about injury to some other place of his body.

"In any event, he states that prior to the loss of four weeks in July of 1968, which he has described in the history obtained on January 7, 1969, in my office, that he did sustain an injury to his back, while at work at the Owosso Manufacturing Company. He states that he was still having some back pain at that time, but was only losing an occasional day or two from work, when on July 8, 1968, he was taking a dresser out of a clamp and while doing this twisted his back and experienced this stinging sensation in the back. He worked the rest of the day. He states that he did report this to his foreman and that the next morning because of pain, he was unable to return to work and he remained off work four weeks. It was during this period that he received medication from his brother-in-law, Dr. Warford, but states that he didn't see Dr. Hogue at that time. He says that since he went back to work, in about August, his back pain was more severe and more frequent and that he would miss two or three days of work a week until in January of 1969, when he had to quit because of persistent pain.

"This addendum to his history is presented to you as he presented it to me.

"Actually the pain pattern and physical findings that he describes at the present time could relate to a reinjury in July of 1968, as well as to the initial injury in January of 1965, although it would seem from his history that his back and leg difficulties have been greater since July of 1968."

Louise Houpt stated that when claimant talked to her in the summer of 1968, he attributed his lost time to the January 1965 accident, and that 80% of his time lost since January 1965 was due to that injury. As a result she computed his lost time at 267.6 days and so notified the insurance carrier on August 26, 1968.

Mrs. Houpt's testimony was corroborated by Carolyn Singleterry.

On January 23, 1969, claimant's counsel filed with the commission the following claim:

"The above named person was injured January 1, 1965, while working for Owosso Manufacturing Co. It is my understanding that he was off from work some six weeks for which he received compensation and medical treatment. Apparently, there was never any final determination of this case nor any payment for a permanent disability. He has had recurrent episodes with his back and Dr. John Christian has recently expressed the opinion that he has a recurrent lumbar disc herniation and a recurrent strain on the ligamentous structures of the lumbosacral joint, and he concludes that the injury in 1965 was the precipitating factor.

"It appears to me that this is a case where a claim was filed and some compensation was paid but for some reason or another there was never any final determination of the exact extent of this man's injuries and what he was entitled to. Please let me know what your files reveal."

On April 22, 1969, claimant's counsel notified the Workmen's Compensation Commission that claimant would contend "that he reinjured his back from time to time over the years since his original injury, but reinjured it

to the extent of causing disability on or after July 30, 1968."

Phillip Carter, a co-worker, testified on direct that in July '68 claimant got a funny expression on his face after he turned around and set a case down and said, "I think I've hurt my back." On cross-examination he testified that he knew claimant was off quite a bit but he thought the reason was claimant's problem with diabetes.

Bill Ramsey, foreman, testified that claimant telephoned him in July 1968 and said he thought he hurt his back. He instructed claimant to report the matter to Louise Houpt when he came back to work. On cross-examination Mr. Ramsey admitted that after this telephone call claimant reported back to work and that claimant's work attendance record both before and after the phone call was about the same.

Upon the whole record, we cannot say that there was no substantial evidence to support the Commission's finding that claimant did not sustain an accidental injury on July 8, 1968, arising out of and in the course of his employment. It follows that the order of the circuit court is reversed.

Reversed.